

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. T. M. Trimble
First Assistant
State Superintendent of
Public Instruction
Austin, Texas

Dear Mr. Trimble:

Opinion No. 0-7494
Re: When delinquent school taxes are
collected by the county tax assessor-
collector in conjunction with the State
and county taxes, and when the same
tax board of equalization sets a
single valuation for State, county
and schools, will the same law or laws
of limitation apply to each and all
taxable divisions in like manner?
And other related questions.

With your letter of Nov. 7, 1946, you enclose a
letter from Mr. Homer Smith, County School Superintendent
of Eastland County, Texas, dated Oct. 28, 1946, and request
the opinion of this department upon three questions therein,
which we shall take the liberty of restating as follows:

First, are common school districts entitled to the
penalty and interest which have accrued on common school
district taxes, which, under the statutes, Article 2795,R.C.S.are
collected by the tax collector along with the State and
County taxes?

Second, if the penalty and interest on such delin-
quent common school district taxes have been allocated to
other funds than to the respective common school districts
for which the taxes were collected, what statutes of limita-
tion, if any, apply to the rights of such common school dis-
tricts to recover such delinquent penalty and interest?

Third, is the County Board of Education acting within
its legal rights in demanding the allocation and appropriation
of penalties and interest on delinquent taxes due common school
districts to the respective districts to which the tax is appro-
priated and allocated under the law?

NOT TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. T. M. Trimble, page 2


We shall answer these questions in the same order in which we have stated them. We have heretofore passed upon the question of whether or not penalties and interest on delinquent taxes when collected follow the same fund as the tax upon which the penalties and interest have accrued. Opinion No. 0-2566 is in accord with our views, and we quote from it as follows:

"The general rule with reference to the disposition of penalties and interest is stated in Cooley on Taxation, 4th Ed. Vol. 4, p. 3573, Sec. 1821, as follows:

"'Penalties for delinquent taxes generally follow the tax and go to the district entitled to the tax, unless it is otherwise provided by statute. On the other hand, if the penalties are imposed by the Legislature, their disposition rests in its discretion. Money derived from penalties and forfeitures where taxes are delinquent are not a part of the tax, and where imposed by the Legislature it has a right to dispose of such funds as it likes, regardless of the purpose of the tax, as against the objection that public money raised for one purpose cannot be used for another. . .'

"The general rule is also stated in 61 Corpus Juris, p. 1528, Sec. 2250, as follows:

"'Unless otherwise directed, interest, penalties, and costs collected on delinquent taxes follow the tax, and go to the state, county, or city, according as the one or the other is entitled to the tax itself, and, in cases where two or more of these are interested in the tax, such interest and penalties should be apportioned among them in the ratio of their respective shares of the tax, the foregoing being sometimes provided for by statute, but the Legislature may change this rule and dispose otherwise of interest or penalties. A statute providing for the distribution of interest and penalties collected in a different manner from the disposition of the taxes on which the interest and penalties are based does not amount to the application of taxes to objects other than for which they were imposed. . .'

Hon. T. M. Trimble, page 3

"Article 7336, Revised Civil Statutes, 1925, as amended, which provides for penalties and interest on delinquent taxes, reads in part as follows:

"'All penalties and interest provided for in this Act shall, when collected, be paid to the state, counties, and districts, if any, in proportion to the taxes upon which the penalty and interest are collected. All discounts provided for in this Act shall, when allowed, be charged to the state, counties, and districts, if any, in proportion to the taxes upon which such discounts are allowed.'

"You state that you have been unable to find any statute in Texas providing for the disposition of penalties and interest and we have been unable to find any except that quoted above which applies as between the various taxing authorities and not expressly to the various funds of the county.

"In the case of Jones vs. Williams, 121 Tex. 94, 45 S.W. (2d) 130, our Supreme Court held that penalties and interest are no part of the tax and the Legislature therefore has authority to make disposition thereof or to release such penalties and interest. It is suggested that this holding affords the basis for strong argument that the taxing authorities do not necessarily have to place the interest and penalties in the particular fund for which the delinquent taxes were levied and assessed. We do not think, however, that this is the natural or proper result of such holding since it is an application of the general rule that the Legislature may make other provisions for the disposition of penalties. The question here presented involves the proper crediting of penalties as between various funds when the Legislature has not given any specific direction with reference thereto.

"It would seem to follow, by analogy to the general rules hereinabove stated, that in the absence of statutory provisions to the contrary, penalties collected for tax delinquency should follow the principal and be prorated among the various funds for which the taxes were collected. If this were not true there would be no provision for the deposit and accounting for penalties and interest."

Hon. T. M. Trimble, page 4

This is also the holding in the case of American Surety Company of New York et al. v. Board of Trustees of Independent School District of Fort Worth, (Court of Civil Appeals, Fort Worth, writ of error denied) 224 S. W. 292. The Court adopted the findings of fact and conclusions of law of the trial court as the opinion of the Court, and from the conclusions of law we quote as follows:

"The court concludes that both under the general principles of the law and under the charter provisions referred to in the above findings of fact all penalty moneys collected on school taxes in the city of Ft. Worth became when collected a part of the school fund, and belong to the board of trustees of the independent school district of Ft. Worth.

"The court concludes that in this case the plaintiff, the said board of trustees, is not estopped to sue for and recover such penalty moneys."

Upon the authority of this case we therefore hold that the penalty and interest on delinquent taxes, whether it be for common school district taxes or independent school district taxes, follow the tax and should be allocated to the respective districts to which the tax is under the law allocated.

We now pass to the question of limitation. If we interpret your opinion request correctly, you wish to know what laws of limitation, if any, would apply where penalties and interest on delinquent taxes have been erroneously withheld by the tax collecting officials and allocated erroneously to other purposes than to the school district entitled to the same.

American Surety Company of New York et al. v. Board of Trustees of Independent School Districts of Fort Worth, supra, also deals with the question of limitation as between the school districts and some other taxing authority or unit erroneously receiving the same. In the above case between the City of Fort Worth and the Board of Trustees of the Fort Worth Independent School District, supra, the Court said:

"The court concludes that the statute of limitations of two years pleaded by the city is not applicable to the plaintiff under the circumstances of this case, and that no part of the plaintiff's cause of action is barred by said statute; that the independent school district of Ft. Worth is a subdivision and instrumentality of the state of Texas; that its trustees are county officers; that said district and its trustees, in the discharge of their duties for the protection and recovery of the school funds, are acting in the interest of the public and of the state, and are exercising a portion of the sovereign powers of the state of Texas, and that under such circumstances limitation cannot be successfully pleaded against them any more than it can against the state itself."

We think the funds when collected by the County Tax Collector, who is also the collector of common school districts, is impressed with a trust and held for the benefit of the respective district to which they should be allocated.

In Love v. City of Dallas (Supreme Court) 40 S. W. (2d) 20, speaking through Chief Justice Cureton, the Court said:

"In view of the history of the subject and the statutory and constitutional provisions referred to above, it is plain, we think, that the property and funds of the public schools are held in trust by the city, district, county, or other statutory agency, to be used for the benefit of the school children of the community or district in which the properties exist, or to which the school funds have been allocated. We think these properties and funds are so plainly and clearly impressed with a trust in favor of the local public schools of the city or district that they are within the protective claims of both the state and federal Constitutions, and that the Legislature is without power to devote them to any other purpose or to the use of any other beneficiary or beneficiaries."

It therefore follows from what we have said above that we are of the opinion that limitation cannot be successfully maintained against a right of action of common school districts to have penalties and interest collected on delinquent taxes allocated to the respective districts to which

the tax is allocated, and so long as same remains in the fund erroneously receiving such delinquent penalty and interest, the county officials charged under the law with the administration of school laws and the collection of the taxes have the right to adjust the funds and reimburse the districts which have been erroneously deprived of the same, whether by erroneous allocation or erroneous withholding by the collecting officials.

If we have misconstrued your question as to limitation, which we have answered under No. 2 above, and instead you wish to know whether or not the same rule of limitation would apply to common school district taxes in the matter of collection by the State as would apply to State and County taxes, then our answer to the second question is hereinafter stated:

The release or extinguishment of delinquent taxes which have been due for a period of at least ten years, prior to the amendment of Article III, Section 55 of the Constitution, Nov. 8, 1932, was not authorized. Article 7298, V. R. C. S., which sought to provide a period of limitation against the collection of delinquent taxes of school districts and road districts ten years or more past due, was last amended in 1931; but this amendment, if valid, applies only to school districts and road districts, and not to State and County taxes.

In the recent case of Sam Bassett Lumber Co. v. City of Houston, 194 S. W. (2d) 114, (Court of Civil Appeals, Galveston) the Court held that that portion of Art. 7298 permitting a plea of limitation against the collection of school district and road district taxes was unconstitutional for the reason that there did not at that time exist the amendment to Art. 3, Sec. 55, of the Constitution, which authorized the Legislature to release or extinguish delinquent taxes for the ten years past due, the amendment to the Constitution being more than a year subsequent to the amendment to the statute, and that the subsequent amendment to the Constitution could not be invoked in aid of such prior enactment of the Legislature. This case is now pending on application for writ of error to the Supreme Court, which has been granted, and the case has been argued and submitted.

Hon. T. M. Trimble, page 7

This question will no doubt shortly be decided by the
Supreme Court. As the law now stands there is no
presently determined valid statute that authorizes a
plea of limitation against delinquent school and road
district taxes. In view of the present status of this
case before the Supreme Court, we would not advise the
application of Art. 7298, V. R. C. S., and matters
depending upon it should be held in abeyance until the
Supreme Court has passed upon the Sam Bassett Lumber
Company case. The Court said in this case:

"It is appellee's contention that the Legisla-
ture was without authority to enact such amendment in
1931, and that it was not until November 8, 1932, that
Section 55 of Art. 3 of the Texas Constitution was so
amended as to permit the Legislature to authorize such
plea of limitation. If the Constitution forbade the
Legislature to authorize a plea of limitation to a tax
suit by a School District at the time said amendment
was made in 1931, it requires no citation of authority
to support the proposition that no subsequent grant to
the Legislature of power, to allow a plea of limitation
to a tax suit, would make valid an act passed by the
Legislature prior to such grant."

We think the County School Board is within its
legal rights in insisting upon the proper allocation of
delinquent penalties and interest on common school district
taxes, consistent with the views we have expressed above.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

L. P. Lollar
Assistant

LPL:AMM

APPROVED DEC 4, 1946

FIRST ASSISTANT
ATTORNEY GENERAL